**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK GIRESI, a member of IBT (Teamsters) Local # 177, | CIVIL ACTION NO. 11-1944 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| UNITED PARCEL SERVICE, |  |
| Defendant. |  |

**THE PLAINTIFF**, Mark Giresi, bringing this action to vacate an arbitration award resolving a grievance brought on behalf of Plaintiff by his union, IBT (Teamsters) Local # 177 (the "Union"), in which the arbitrator found that Defendant, United Parcel Service ("UPS"), had "just cause" for terminating Plaintiff's employment (dkt. entry no. 1, Rmv. Not., Ex. A, Compl.); and UPS moving to dismiss the Complaint on the basis that Plaintiff lacks standing to challenge the arbitration award (dkt. entry no. 5, Mot. to Dismiss); and Plaintiff cross-moving to vacate the arbitration award, relying on the Complaint in support of the cross motion (dkt. entry no. 7, Mot. to Vacate); and

**IT APPEARING** that where a collective bargaining agreement ("CBA") "mandates that the Union has exclusive power to enforce the employees' rights in dispute resolution, an individual employee may not bring an action to vacate an arbitration award,"

except "where the Union breached its duty of fair representation," Provo v. Jersey Cent. Power & Light Co., No. 10-2374, 2010 WL 4225920, at *2 (D.N.J. Oct. 20, 2010); see also Vaca v. Sipes, 386 U.S. 171, 186 (1967); Adams v. Crompton & Knowles Corp., 587 F.Supp. 561, 562 (D.N.J. 1982); and

**IT FURTHER APPEARING** that (1) the CBA between UPS and the Union provides that the multi-step grievance procedure set forth therein "may be invoked only by authorized Union representatives" (dkt. entry no. 5, Lario Cert., Ex. 2, CBA Art. 44 § 2 (emphasis added)); (2) Plaintiff was not a party to the arbitration (Lario Cert., Ex. 4, Arb. Op. and Award; Compl. at ¶ 26); and (3) Plaintiff has made no allegation that the union breached its duty of fair representation (see generally Compl.); and

**THE COURT** therefore concluding that Plaintiff lacks standing to challenge the arbitration award; and the Court intending to grant the motion and deny the cross motion; and the Court deciding the motion and cross motion on the papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate order and judgment.

            s/ Mary L. Cooper
            **MARY L. COOPER**
            United States District Judge

Dated:  June 2, 2011