**NOT FOR PUBLICATION**

                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK GIRESI, a member of IBT (Teamsters) Local # 177, | CIVIL ACTION NO. 11-1944 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| UNITED PARCEL SERVICE, |  |
| Defendant. |  |

**THE PLAINTIFF**, Mark Giresi, bringing this action to vacate an arbitration award resolving a grievance brought on behalf of Plaintiff by his union, IBT (Teamsters) Local # 177 (the "Union"), in which the arbitrator found that Defendant, United Parcel Service ("UPS"), had "just cause" for terminating Plaintiff's employment (dkt. entry no. 1, Rmv. Not., Ex. A, Compl.); and UPS moving to dismiss the Complaint on the basis that Plaintiff lacks standing to challenge the arbitration award (dkt. entry no. 5, Mot. to Dismiss); and Plaintiff cross-moving to vacate the arbitration award, relying on the Complaint in support of the cross motion (dkt. entry no. 7, Mot. to Vacate); and

**IT APPEARING** that where a collective bargaining agreement ("CBA") "mandates that the Union has exclusive power to enforce the employees' rights in dispute resolution, an individual employee may not bring an action to vacate an arbitration award,"

except "where the Union breached its duty of fair representation," Provo v. Jersey Cent. Power & Light Co., No. 10-2374, 2010 WL 4225920, at *2 (D.N.J. Oct. 20, 2010); see also Vaca v. Sipes, 386 U.S. 171, 186 (1967); Adams v. Crompton & Knowles Corp., 587 F.Supp. 561, 562 (D.N.J. 1982); and

**IT FURTHER APPEARING** that (1) the CBA between UPS and the Union provides that the multi-step grievance procedure set forth therein "may be invoked only by authorized Union representatives" (dkt. entry no. 5, Lario Cert., Ex. 2, CBA Art. 44 § 2 (emphasis added)); (2) Plaintiff was not a party to the arbitration (Lario Cert., Ex. 4, Arb. Op. and Award; Compl. at ¶ 26); and (3) Plaintiff has made no allegation that the Union breached its duty of fair representation (see generally Compl.); and

**THE COURT** considering the Plaintiff's brief in opposition to the motion (dkt. entry no. 13, Pl. Br.); and the Plaintiff arguing, without citation to any controlling authority, that he has standing to challenge the arbitration award because "a union's obligation or duty to provide representation to a member ends with the arbitrator's decision" (id. at 3); and the Plaintiff relying on F.W. Woolworth Co. v. Misc. Warehousemen's Union, 629 F.2d 1204 (7th Cir. 1980); but the Court determining that F.W. Woolworth Co. (1) is not binding on this Court, (2) announced an exception to the rule that an individual employee may not bring an action to challenge an arbitration award,

holding that it would "allow[] employees to defend against a suit [brought by an employer] seeking to vacate an arbitration award favorable to the Union [and by extension, the employees] when the Union chooses not to but otherwise acquiesces in the employees' action," see Martin v. Youngstown Sheet & Tube Co., 911 F.2d 1239, 1244 (7th Cir. 1990), and (3) is distinguishable here, insofar as it observed that it did not involve "efforts by individual employees to set aside the ultimate result of the grievance procedure, namely the arbitration award," as the Plaintiff seeks to do here, 629 F.2d at 1210; and the Court finding that the Plaintiff has presented no basis for this Court to depart from the rule in Vaca, 386 U.S. at 186, and Adams, 587 F.Supp. at 562; and

**THE COURT** therefore concluding that Plaintiff lacks standing to challenge the arbitration award; and the Court intending to grant the motion and deny the cross motion; and the Court deciding the motion and cross motion on the papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate order and judgment.


                                            s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:     July 22, 2011